UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DRAIN,

    Petitioner,

v.                                                                         CASE NO. 10-11306
                                                                       HONORABLE ARTHUR J. TARNOW

JEFFREY WOODS,

    Respondent.
_____/

**ORDER**
**GRANTING THE STATE'S MOTION FOR**
**IMMEDIATE CONSIDERATION AND A STAY AND**
**GRANTING A CERTIFICATE OF APPEALABILITY**
**ON CLAIMS TWO THROUGH SIX AND EIGHT**

**I. Introduction**

Petitioner James Drain was convicted in 2002 of first-degree murder, felon in possession of a firearm, and felony firearm. He is serving a sentence of life imprisonment without the possibility of parole for the murder conviction.

In 2010, Petitioner filed a habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254. He claimed that: (1) the prosecutor used peremptory challenges to exclude potential jurors on the basis of race; (2) the evidence was insufficient to support his murder conviction; (3) the trial court erred by failing to instruct the jury on the order of deliberations for lesser offenses; (4) the prosecution relied on false testimony at trial; (5) trial counsel was ineffective for (a) failing to present an alibi witness, (b) depriving him of his right to testify, and (c) failing to object to the trial court's jury instruction on inferring premeditation and deliberation; (6) he was denied his constitutional right to appeal his conviction by the state appellate courts' denial of his motion to remand for an evidentiary hearing; (7) trial counsel was ineffective for failing to object

*Drain v. Woods*, No. 10-11306

to prosecutorial misconduct and to the trial court's procedure for the *Batson* violation; and (8) the prosecutor committed misconduct by (a) informing the jury that prior proceedings allowed the case to proceed as far as it did, (b) misleading the jury on the law, (c) improperly eliciting a witness's prior statements, and (d) relying on the witness's prior consistent statements during closing arguments.

On November 2, 2012, the Court conditionally granted a writ of habeas corpus on Petitioner's first and seventh claims. The Court held that (1) Petitioner's right to equal protection of the law was violated by the prosecutor's use of peremptory challenges to excuse prospective jurors on the basis of race and (2) defense counsel was ineffective for failing to object to the prosecutor's discriminatory use of peremptory challenges and to the trial court's procedures during *voir dire*. The Court ordered the State to release Petitioner unless it took steps to re-try him within ninety days.

The State has appealed the Court's decision on claims one and seven, and Petitioner has appealed the Court's denial of his other claims. Currently pending before the Court is the State's motion for immediate consideration and for a stay pending resolution of the appeal. The State claims that it has a reasonable likelihood of success on the merits and that the public interest and safety require keeping Petitioner in custody. Petitioner disagrees and urges the Court to deny a stay. For the reasons given below, the State's motion is granted.

## II.  The State's Motion for a Stay

When determining whether to grant a stay, a court must consider the following four factors:

2

*Drain v. Woods*, No. 10-11306

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Generally, when a federal district court grants habeas corpus relief in favor of a state prisoner, the district court or the court of appeals will grant a stay of judgment. *Wolfe v. Clarke*, 819 F. Supp.2d 574, 578 (E.D. Va. 2011) (citing Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, Sixth Edition § 36.4[d] (Matthew Bender)), *judgment affirmed*, 691 F.3d 410 (4th Cir. 2012).

This Court ordered the State to release Petitioner unless it took steps to re-try Petitioner within ninety days of the Court's dispositive opinion and judgment, which were signed and entered on the docket on November 2, 2012. The State has opted not to release Petitioner. It plans to re-try him even if the Court of Appeals affirms this Court on appeal. Therefore, the only issue is whether the State should be required to re-try Petitioner, or at least make an effort to re-try him, within ninety days of November 2, 2012.

The first factor governing the issuance of a stay requires a strong showing that the stay applicant is likely to succeed on the merits. The Court believes that the State is unlikely to succeed on the merits of Petitioner's first and seventh claims, because the state appellate court's rejection of those claims was based on an unreasonable determination of the facts and was contrary to, or an unreasonable application of, *Batson v. Kentucky*, 476 U.S. 79 (1986), and progeny and *Strickland v. Washington*, 466 U.S. 668 (1984). The State, moreover, forfeited the right to raise a procedural default defense in its answer to the habeas petition by claiming that the state courts adjudicated the merits of Petitioner's claims.

*Drain v. Woods*, No. 10-11306

The Court concludes that the State has not made a strong showing of a likelihood to succeed on the merits. Consequently, the first factor weighs in Petitioner's favor.

The second factor requires consideration of whether the applicant for a stay will be irreparably injured absent a stay. The possibility exists that the Court of Appeals will reverse this Court's decision and deny Petitioner a new trial. Should that occur, the State would be irreparably injured if it had already expended the resources necessary to retry Petitioner. Thus, the State's interest in a stay is strong, and the second factor favors the State.

The third factor requires a determination of whether issuance of the stay will substantially injure other parties interested in the proceeding. Petitioner had a constitutional right to a fair trial, *Cone v. Bell*, 556 U.S. 449, 451 (2009), but the State plans to retry Petitioner even if Petitioner prevails on appeal. Thus, issuance of the stay is not likely to substantially injure Petitioner, and the third factor weighs in the State's favor.

The fourth and final factor requires consideration of where the public interest lies. The public has an interest in the prompt and efficient administration of justice, *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985), and the avoidance of unnecessary relitigation. For the State to proceed with a new trial in Petitioner's case when the possibility exists that this Court will be reversed on appeal, does not advance the public's interest in judicial economy. The Court therefore finds that the fourth factor weighs in the State's favor.

On balance, three of the four factors weigh in the State's favor. Accordingly, the State's motion for immediate consideration and for a stay is granted.

*Drain v. Woods*, No. 10-11306

### III.  Certificate of Appealability

The remaining question is whether a certificate of appealability should issue on the claims that Petitioner seeks to appeal.  Before he may appeal the Court's dispositive decision on claims two through six and claim eight, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

At a minimum, reasonable jurists could conclude that claims two through six and eight are adequate to deserve encouragement to proceed further.  The Court therefore grants a certificate of appealability on those claims.

S/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge

Dated: December 10, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 10, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles  
Judicial Assistant