UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DRAIN,

    Petitioner,

v.       CASE NO. 10-11306
    HONORABLE ARTHUR J. TARNOW

JEFFREY WOODS,

    Respondent.
_____/

## ORDER DENYING RELEASE FROM CUSTODY ON PERSONAL RECOGNIZANCE PENDING APPEAL

Before the Court is Petitioner's Motion for Immediate Release from Custody on Personal Recognizance pending appeal. Respondent has filed a response to the motion.

Federal Rule of Appellate Procedure 23(c) states a presumption that a successful habeas petitioner will be released from custody. *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). That presumption in favor of release "may be overcome if the traditional stay factors tip the balance against it." *Id.* The factors which may be considered are: (1) whether the State has made a strong showing that it is likely to succeed on the merits; (2) whether the State will be irreparably injured if release on bond is granted; (3) whether failure to release the successful petitioner will substantially injure the petitioner; (4) where the public interest lies, and (5) other factors the Court may consider germane to bail consideration. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These factors guide the district court, but the ultimate determination "cannot be reduced to a set of rigid rules." *Id.* at 777. A district court properly may consider the possibility that a habeas petitioner may flee and the risk of danger the petitioner may pose to the public if released.

*Id.* "The State's interest in continuing custody . . . will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* at 777. Where the state, although unable to establish a "strong likelihood of success on appeal" is, nonetheless, able to demonstrate a "substantial case on the merits," continued custody is permissible if the second and fourth *Hilton* factors militate against release. *Id.* at 778.

After considering these factors, the Court finds that the balance tips in favor of continued detention. The case against Drain is strong. While he challenges the premeditation element of his conviction, he does not deny that he shot the victim. The *Batson* violation, in this Court's opinion, was obvious and clear. The *Batson* violation, however, did not invalidate the strength of the evidence presented at trial. The Court also considers the Sixth Circuit Court of Appeals' recent opinions in habeas cases generally and those involving procedural default specifically. Stokes v. Scutt, __ F. App'x __, 2013 WL 2249300 (6th Cir. May 22, 2013).

Drain remains charged with first-degree murder. The State has expressed its unequivocal intention to retry him if the appeal is unsuccessful. The Court presumes that, at a retrial, the State will again present a substantial case. The penalty for first-degree murder is life in prison without the possibility of parole, rendering Petitioner more likely to flee. *See* Mich. Comp. Laws § 750.316. In addition, Petitioner has not had a blemish-free prison record, with six major misconducts. He also once previously escaped from a police car after being arrested on a breaking and entering charge, and previously violated the terms of probation. The public interest and the possibility of irreparable harm that

could result from release militate against bail pending appeal in this case. The State's interest in continued custody pending appeal, therefore, outweighs the factors in Petitioner's favor.

Accordingly, **IT IS ORDERED** that Petitioner's motion for immediate release from custody is **DENIED**

                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
                                        Senior United States District Judge

Dated: May 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2013, by electronic and/or ordinary mail.

                                        s/Catherine A. Pickles
                                        Judicial Assistant